# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 01-CR-031-TCK |
| ) | |
| MELDON ALLEN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On February 8, 2012, Defendant, a federal inmate appearing pro se, filed a "motion to correct procedural default of Rules 5(b) and 7(c) of the Rules Governing Section 2255 Cases pursuant to Rule 60(b)(6)" (Dkt. # 728). In his motion, Defendant attacks the Court prior denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence, entered more than four (4) years ago, on February 4, 2008 (Dkt. # 684). The record reflects that Defendant appealed the denial of his § 2255 motion to the Tenth Circuit Court of Appeals. On July 9, 2008, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 703. Defendant's petition for writ of *certiorari* was denied by the United States Supreme Court on March 23, 2009. See Dkt. # 708. In addition, Defendant previously sought relief under Fed. R. Civ. P. 60(b)(6). See Dkt. # 716. The Court concluded that Defendant's first Rule 60(b) motion constituted an attempt to file a second or successive § 2255 motion without prior authorization from the Tenth Circuit and dismissed the motion for lack of jurisdiction. See Dkt. # 717. Petitioner appealed and on November 25, 2011, the Tenth Circuit denied a certificate of appealability and dismissed the appeal. See Dkt. # 726.

In the motion before the Court, Defendant claims he is entitled to relief under Fed. R. Civ. P. 60(b)(6) because the Court failed to require compliance with Rules 5(b) and 7(c), Rules

Governing Section 2255 Cases. Because Defendant "asserts a defect in the integrity of the federal habeas proceedings," as opposed to an error in the Court's resolution of the merits of his claims, the motion is a "true" Rule 60(b) motion, rather than a second or successive § 2255 motion. See Spitznas v. Boone, 464 F.3d 1213, 1224-25 (10th Cir. 2006); see also United States v. Cleaver, 319 Fed.Appx. 728, 729 (10th Cir. 2009) (unpublished) (Rule 60(b) motion based on government's failure to serve its response on petitioner and subsequent denial of opportunity to file a reply is a "true" Rule 60(b) motion).

Rule 60(b)(6) "is a catchall provision, allowing relief from judgment for 'any other reason justifying relief.'" Davis v. Kan. Dep't of Corr., 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting Fed. R. Civ. P. 60(b)(6)). "Relief under Rule 60(b)(6) is extraordinary and may only be granted in exceptional circumstances." Id. at 1248 (quotations omitted). Relief under Rule 60(b)(6) "will rarely occur in the habeas context." Omar-Muhammad v. Williams, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting Gonzalez v. Crosby, 545 U.S. 524, 535 (2005)).

Defendant's claims do not rise to the level of "exceptional circumstances." Contrary to Defendant's allegations, the Court addressed his claim that his sentence for possession of a firearm was improperly enhanced. The Court found the claim was procedurally barred. See Dkt. # 684 at 13-16. The Court also found that neither trial nor appellate counsel provided ineffective assistance in failing to challenge the sentence enhancement. Id. at 12-13. Furthermore, Defendant was provided the opportunity to respond to matters considered by the Court in resolving his § 2255 claims. Defendant's Rule 60(b)(6) motion shall be summarily denied.

**Certificate of Appealability**

A movant is required to obtain a certificate of appealability to appeal from the denial of a Rule 60(b) motion. Spitznas, 464 F.3d at 1218. Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A movant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a movant must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the denial of Defendant's Rule 60(b)(6) motion is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY IT IS HEREBY ORDERED that** Defendant's "motion to correct procedural default of Rules 5(b) and 7(c) of the Rules Governing Section 2255 Cases pursuant to Rule 60(b)(6)" (Dkt. # 728) is **denied**. A certificate of appealability is **denied**.

DATED THIS 10th day of February, 2012.

TERENCE KERN
**United States District Judge**